### No. 575
### MAHONING VAL. MORT. CO. v.
### SHERMESSER
Ohio Appeals, 7th Dist., Mahoning Co.

Decided March 25, 1925.

185.　BUILDING AND LOAN ASSOCIATIONS—1.　Expressly prohibited from selling mortgages, except in case of financial emergency or if permission is granted by Inspector of such Associations.

2.　Statute providing for foregoing, is mandatory and any transfer of mortgages and security is invalid.

FARR, J.

The action in the Mahoning Common Pleas was for the foreclosure of a mortgage held by the Mahoning Valley Mortgage Co. by assignment from one Mary Hennessy. Joseph Kirkpatrick, who sets out a mortgage and note for $4300 given by Matilda Shermesser to the Home Savings & Loan Co., and it is claimed assigned by the Loan Co. to one Funk, and by him assigned to the said Kirkpatrick, the cross-petitioner.

The judgment in the lower court was for Kirkpatrick.　Error was prosecuted by the mortgage company who claimed that the judgment was contrary to law, and it was urged that Kirkpatrick took no title from the Loan Co., because said Loan Co. had no legal authority to sell and transfer the note and mortgage in question.　The Court of Appeals held:

1.　The vital issue involved here is whether or not the Home Savings & Loan Co. under the law of Ohio, had authority to sell and transfer such mortgage.

2.　Under 9662 GC. building and loan associations have right to buy, but not to sell ex-

cept whenever it desires to terminate and close its affairs or in case of financial emergency and then only with consent of——————etc. In this case it is conceded that there was no financial emergency, and that no permission was granted as provided under 9662 GC.

3. If the above section 9662 GC., is merely directory and not mandatory, the contention that the Loan Co. had a right to transfer the mortgage and note should be sustained, if mandatory, then the transfer is invalid.

4. The statute being express and positive in its terms, is mandatory and the judgment in favor of Kirkpatrick in the lower court on his cross petition is void and contrary to law and therefore the mortgage of the Mahoning Valley Mortgage Co. takes precedence over Kirkpatrick's mortgage. Judgment reversed and cause remanded.

No attorneys given.